**O / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

cc LOS ANGELES SUPERIOR
COURT, SOUTHEAST DISTRICT
NORWALK, VC 050940
remand order,docket, letter

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4153 ODW (MANx) | Date | November 17, 2008 |
|---|---|---|---|
| Title | *Lillian Garcia v. Kaiser Foundation Hospitals, etc., et al.* | | |

Present: The Honorable Otis D. Wright II, United States District Judge

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present                          Not Present

**Proceedings (In Chambers):** **Order GRANTING in part and DENYING in part Defendants' Motion for Judgment on the Pleadings; Order REMANDING Plaintiff's First and Second Causes of Action [4] (Filed 10/16/08)**

      This case concerns Plaintiff Lillian Garcia's ("Plaintiff") allegations of wrongful termination, unlawful practices under California's Fair Employment and Housing Act ("FEHA"), and breach of contract against Defendants Kaiser Foundation Hospitals, Southern California Permanente Medical Group, and Kaiser Foundation Health Plan (collectively, "Defendants"). Plaintiff filed her complaint initially in Los Angeles County Superior Court on May 14, 2008, and on June 24, 2008, Defendants removed the action to this Court, alleging that Plaintiff's claims are all preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA"). Pursuant to Fed. R. Civ. P. 12(c), Defendants now move for judgment on the pleadings as to all three of Plaintiff's claims. Having considered the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. For the following reasons, Defendants' Motion is GRANTED in part and DENIED in part, and Plaintiff's First and Second Causes of Action are REMANDED.

**I.    BACKGROUND**

      Except where otherwise indicated, the following facts are culled from Plaintiff's Complaint. Plaintiff is a 40-year-old, Hispanic female who has "difficulties" with the English language. (Not. of Removal, Exh. B ("Compl."), ¶¶ 4-5.) For nearly ten years, she was employed as a housekeeper with Defendant Kaiser Hospitals. On one occasion during her

**O / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4153 ODW (MANx) | Date | November 17, 2008 |
|---|---|---|---|
| Title | *Lillian Garcia v. Kaiser Foundation Hospitals, etc., et al.* | | |

employment, Plaintiff alleges she was unfairly discriminated against and harassed because she is "a Hispanic female" whose "family member, also a Kaiser employee, participated in negotiation of budget and wage issues involving the work force and/or department that [she] was a member of." (Compl. ¶ 4.) On another occasion, Plaintiff alleges she was unfairly treated because her son, also a Kaiser employee, resisted Defendants' attempt to initiate payroll cuts. (Compl. ¶ 4.) On April 17, 2007, Plaintiff was terminated because she failed to disclose on her job application ten years earlier the existence of her familial relationship with other Kaiser employees. (Compl. ¶ 4.) Plaintiff alleges Defendants were always aware of these existing relationships but arbitrarily and selectively enforced against her their policy and procedure of permitting termination for falsifying job applications. (Compl. ¶¶ 4-5.)

## II.   LEGAL STANDARD

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard applied on a Rule 12(c) motion is essentially the same as that applied on Rule 12(b)(6) motions; a judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law. *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005); *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1965 (2007) ("[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). When determining a motion for judgment on the pleadings, the Court should assume the allegations in the Complaint to be true and construe them in the light most favorable to the plaintiff, and the movant must clearly establish that no material issue of fact remains to be resolved. *McGlinchey v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir.1988). However, "conclusory allegations without more are insufficient to defeat a motion [for judgment on the pleadings]." *Id.*

## III.   DISCUSSION

Defendants' removal to this Court is grounded in § 301 of the LMRA. Section 301 of the LMRA preempts a state-law claim "if the resolution of [that] claim depends upon the meaning of a collective-bargaining agreement." *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir. 1993) (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988)). In determining whether LMRA preemption applies, "[t]he plaintiff's claim is the touchstone for th[e] analysis; the need to interpret the [collective bargaining agreement] must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, § 301 preemption is not

**O / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4153 ODW (MANx) | Date | November 17, 2008 |
|---|---|---|---|
| Title | *Lillian Garcia v. Kaiser Foundation Hospitals, etc., et al.* | | |

mandated simply because the defendant refers to the [collective bargaining agreement] in mounting a defense." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001). Further, a "reference to or consideration of the terms of a collective bargaining agreement is not the equivalent of interpreting the meaning of the terms." *Ramirez*, 998 F.2d at 749. "Causes of action that only tangentially involv[e] a provision of a collective bargaining agreement are not preempted by section 301. Nor are causes of action which assert nonnegotiable state-law rights . . . independent of any right established by contract." *Id.* at 748 (alteration in the original) (citations and internal quotation marks omitted). Thus, as the Ninth Circuit aptly observes, "[t]he demarcation between preempted claims and those that survive § 301's reach is not . . . a line that lends itself to analytical precision." *Cramer*, 255 F.3d at 691. "'Substantial dependence' on a CBA is an inexact concept, turning on the specific facts of each case, and the distinction between 'looking to' a CBA and 'interpreting' it is not always clear or amenable to a bright-line test." *Id.*

      A.      *Plaintiff's claim for breach of contract is preempted*

As a threshold matter, there must be a collective bargaining agreement which governs the parties' relationship. While Plaintiff does not expressly reference the existence of a CBA in her complaint–opting instead for words such as "policies" and "procedures"–the Court is permitted to look beyond the face of the complaint to determine whether the contract claims at issue are in fact a § 301 claim for breach of a collective bargaining agreement "artfully pleaded" to avoid federal jurisdiction. *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (district court may look beyond the face of the complaint). Here, the tenor of Plaintiff's complaint, and especially the text of her Opposition, concede that the terms of her employment with Kaiser Hospitals are governed by a CBA negotiated between Kaiser and her labor union, the Service Employees International Union, United Healthcare Workers–West. (Compl. ¶¶ 4-5; Mot. at 2; Opp'n at 1-5.) Defendants, moreover, attached the governing CBA to their removal papers without objection from Plaintiff.[1] The Court is therefore satisfied that the contract at issue here is that of the CBA negotiated between the parties.

Plaintiff's third cause of action alleges that Defendants' termination of Plaintiff is in breach of their "written policies and procedures" allowing "family members to work for

---

[1] The Court grants Defendants' unopposed request for judicial notice of the CBA. *See, e.g. Busey v. P.W. Supermarkets, Inc.*, 368 F.Supp.2d 1045, 1050 (N.D. Cal. 2005) (granting Defendants' request for judicial notice of a collective bargaining agreement).

**O / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4153 ODW (MANx) | Date | November 17, 2008 |
|---|---|---|---|
| Title | *Lillian Garcia v. Kaiser Foundation Hospitals, etc., et al.* | | |

Defendants, . . . and that employees with long term employment could only be discharged for good cause and not based upon a claim that had been waived years before termination." (Compl. ¶ 20.) As discussed above, the Court notes that Plaintiff's complaint is carefully worded to avoid any direct reference to the CBA that controlled her employment, but nevertheless alleges violations of that agreement. As such, Defendants correctly contend that this cause of action alleges a breach of the CBA and is therefore preempted by the LMRA.[2] (Mot. at 8.) Plaintiff concedes as much, (Opp'n at 2, 5), and the Court agrees. The contract alleged to be breached is the CBA itself, therefore Plaintiff's claim is preempted. *See Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 599 (9th Cir. 1996).

Though preempted, fairness, to be sure, dictates in favor of re-characterizing Plaintiff's claim as one brought under § 301 of the LMRA. *See Young*, 830 F.2d at 997. To successfully plead a claim under LMRA, however, an "employee seeking a remedy for an alleged breach of the [CBA] must attempt to exhaust any exclusive grievance and arbitration procedures established by that agreement before he may maintain a suit . . . under 301(a) of the [LMRA]." *Clayton v. Int'l Union, United Auto., Aerospace, and Aqr. Implement Workers of Am.*, 451 U.S. 679, 681 (1981). And "[b]ecause most [CBAs] accord finality to grievance arbitration procedures established by the [CBA] [as does this one, *see* Not. of Removal, Exh. A. at 122], an employee normally cannot bring a § 301 action against an employer unless he can show that the union breached its duty of fair representation in its handling of his grievance." *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163-64 (1983); *see also Allis-Chalmers Corp.*, 471 U.S. at 219-20. Thus, in order for Plaintiff to recover money damages, a successful § 301 claim must allege both that the employer's action violated the terms of the CBA and that the union breached its duty of fair representation. *Chauffeurs*, 494 U.S. at 564. Here Plaintiff alleges neither, instead conceding that Defendant is entitled to judgment on this claim.[3] Accordingly, Defendants' Motion as to Plaintiff's third cause of action is GRANTED.

---

[2] Because breach of a CBA arises under § 301, removal was proper. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985).

[3] Defendants' Motion notes that Plaintiff availed herself of the CBA's grievance procedures and arbitration of her claims took place on October 17, 2008. The outcome of these proceedings, however, is unknown and the Court is otherwise unaware of the extent to which Plaintiff has fully complied with the CBA's exhaustion requirements. In any event, even if a conclusion has been, or imminently will be, reached, Plaintiff has not alleged that its union representative breached its duty of fair representation. *DelCostello*, 462 U.S. at 164.

**O / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4153 ODW (MANx) | Date | November 17, 2008 |
|---|---|---|---|
| Title | *Lillian Garcia v. Kaiser Foundation Hospitals, etc., et al.* | | |

      *B.     Plaintiff's FEHA cause of action is not preempted*

      Plaintiff's first cause of action is for violations of California's FEHA. (Compl. at pp. 1.) As with Plaintiff's breach of contract cause of action, the Court's task here is to determine whether resolution of Plaintiff's claim turns upon an interpretation of the parties' CBA. The answer to this question depends upon the way in which Plaintiff's allegations are construed. On the one hand, Defendants contend that Plaintiff's discrimination claim is devoid of any causal connection between her discharge and her protected classification capable of stating a cause of action under FEHA. (Mot. at 6-7.) Instead, Defendants argue, her claim involves nothing more than "discrimination because of an employee's concerted labor activities." (Mot. at 7; Not. of Removal, Exh. A at 10.)[4] Because this type of activity is directly prohibited by the parties' CBA, Defendants argue that adjudication of Plaintiff's claim will require this Court to determine and interpret her rights under the CBA, thereby preempting her state law cause of action. (*Id.*)

      On the other hand, a more appropriate reading of Plaintiff's Complaint–indeed, one which draws all inferences in her favor–is that Defendants are arbitrarily and selectively enforcing the CBAs terms and conditions against her because she is a 40 year-old, Hispanic female who has "difficulties with the English language."[5] (Compl. ¶ 4.) Accepting the latter construction as true, Plaintiff's complaint alleges *discriminatory enforcement* of the terms of the CBA, not the *substance* of the terms themselves. *See Ramirez*, 998 F.2d at 748-49 ("[The] underlying cause of action is that Fox discriminated against her in applying and/or altering those terms and conditions. Although the inquiry may begin with the [CBA], it certainly will not end there."). Thus, it would be unnecessary to interpret the terms of the CBA in order to adjudicate Plaintiff's discrimination claim because her claim turns on Defendants' motives, not the parties' contractual rights–whatever the CBA establishes those rights to be.

      Viewed appropriately, then, Plaintiff's FEHA claim is not preempted. Indeed, the Court's conclusion is not without support. The Ninth Circuit has consistently held that state law discrimination claims under the FEHA do not require courts to interpret the terms of a CBA and

---

[4] Specifically, Defendants argue that Plaintiff's "discrimination" claim is based on, (1) her theory that Kaiser unfairly discharged her because her son and/or family members engaged in 'labor activities' pertaining to wage issues", and (2) her claim that termination after long term employment is "unfair." (Mot. at 7.)

[5] In view of this reading, and despite Defendants' assertions to the contrary, (Reply at 1-4), the Court is of the opinion that Plaintiff has sufficiently alleged the protected classifications of age, gender, race and national origin to be at issue.

**O / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4153 ODW (MANx) | Date | November 17, 2008 |
|---|---|---|---|
| Title | *Lillian Garcia v. Kaiser Foundation Hospitals, etc., et al.* | | |

are therefore not preempted by § 301. *See, e.g., Ackerman v. W. Elec. Co.*, 860 F.2d 1514, 1517 (9th Cir.1988) (finding no § 301 preemption of FEHA disability discrimination claim because the right not to be discriminated against because of physical handicap is "defined and enforced under state law without reference to the terms of any collective bargaining agreement"); *Jimeno v. Mobil Oil Corp.*, 66 F.3d 1514, 1522-28 (9th Cir.1995) (concluding that the LMRA did not preempt a state law claim for physical disability discrimination in employment brought under FEHA); *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1286-87 (9th Cir.1989) (finding no § 301 preemption of FEHA age discrimination claim because the statute creates a "mandatory and independent state right"); *Jackson v. S. Cal. Gas Co.*, 881 F.2d 638, 644 (9th Cir.1989) (concluding that a FEHA claim of racial discrimination in employment was not preempted by the LMRA because "enforcement of the state discrimination statutes would not require interpretation of any of the provisions of the collective bargaining agreement [CBA]"); *Cook v. Lindsay Olive Growers*, 911 F.2d 233, 240 (9th Cir.1990) (finding no § 301 preemption of FEHA religious discrimination claim because "the right not to be discriminated against on the basis of religion cannot be removed by private contract").

In fact, "[i]n every case in which [the Ninth Circuit] ha[s] considered an action brought under [FEHA], [it] ha[s] held that it is not preempted by section 301." *Ramirez*, 998 F.2d at 748. This remains true even where the CBA closely regulates the conduct that the plaintiff claims to be discriminatory. *See id.* at 749 (finding no § 301 preemption of FEHA national-origin discrimination claim where plaintiff alleged that the defendant discriminated against her by failing to promote her and denying her preferred assignments, even though promotion and job assignment were explicitly governed by the CBA). Accordingly, the Court finds that Plaintiff's first cause of action for violations of FEHA constitute a free-standing claim of discrimination dependent on state law, not on the CBA, and therefore is not preempted.

    C.    *Plaintiff's Wrongful Termination cause of action is not preempted*

Plaintiff's second cause of action is for tortious "wrongful termination in violation of public policy." (Compl. at pp. 5.) The Ninth Circuit has stated that a claim for wrongful termination in violation of public policy would not be preempted by § 301, if "it poses no significant threat to the collective bargaining process and furthers a state interest in protecting the public transcending the employment relationship." *Young*, 830 F.2d at 1001. In *Young*, the Court held the plaintiff's wrongful termination in violation of public policy claim preempted because she could not "identify any state statute or other relevant public policy of California" that gave her a protectable interest "transcending the employment relationship." *Id.* Here, however, Plaintiff alleges termination in violation of FEHA's underlying policies. (Compl. ¶

**O / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4153 ODW (MANx) | Date | November 17, 2008 |
|---|---|---|---|
| Title | *Lillian Garcia v. Kaiser Foundation Hospitals, etc., et al.* | | |

14.)  Indeed, Defendants recognize as much.  (Mot. at 8.)  Because California law establishes that "FEHA's provisions prohibiting discrimination may provide the policy basis for a claim for wrongful discharge in violation of public policy," *Estes v. Monroe*, 120 Cal. App. 4th 1347, 1355 (Ct. App. 2004), Plaintiff's cause of action exists independent of any contractual right and is therefore not preempted by the LMRA.

       *D.*     *The Court declines to exercise supplemental jurisdiction*

The Court has jurisdiction over this matter because one of Plaintiff's three causes of action is preempted by the LMRA.  That one cause of action, however, has been dismissed, leaving only two state law claims to be adjudicated.  The Ninth Circuit has several times held that when all the federal claims are dismissed early in the proceedings it is an abuse of discretion to exercise supplemental jurisdiction over the remaining state law claims.  *Gini v. Las Vegas Metro. Police Dep't.*, 40 F.3d 1041, 1046 (9th Cir. 1994).  Further, when the federal claims in a case have been dismissed, and the original case was filed in state court, the district court may either dismiss the case or remand it to state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357  (1988). The Court, therefore, declines to exercise supplemental jurisdiction over Plaintiff's FEHA and wrongful termination claims and remands those causes of action back to state court.

**IV.**    **CONCLUSION**

For the foregoing reasons, Defendants' Motion is GRANTED in part and DENIED in part.  Defendants are entitled to judgment on the pleadings as to Plaintiff's third cause of action for breach of contract.  Plaintiff's first and second causes of action are hereby REMANDED back to state court.

**IT SO ORDERED.**

|  | ---- | : | 00 |
|---|---|---|---|
| Initials of Preparer | RGN | | |